UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRI L. SCHMIDT,

           Plaintiff,

v.                                            Case No.  5:07-cv-271-Oc-10GRJ

CORY ST. CLAIR, PV HOLDING
CORPORATION, AVIS RENT A CAR
SYSTEM, LLC, a limited liability corporation,

           Defendants.

_____/

# REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand (Doc. 7) in which Plaintiff requests the Court to remand this action to the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida. Defendants, Avis Rent A Car System, LLC ("Avis") and PV Holding Corp. ("PV Holding") have filed a Response (Doc. 8) and the matter is, therefore, ripe for the Court's consideration. For the reasons discussed below, Plaintiff's Motion To Remand is due to be **GRANTED**.

## I. BACKGROUND & FACTS

On May 23, 2007, Plaintiff filed this action in Florida state court for damages against the operator of a motor vehicle and against the owner and lessor of the motor vehicle alleging negligence that resulted in a motor vehicle accident in Marion County, Florida. According to the allegations in Plaintiff's Complaint (Doc. 3), Defendant Cory St.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Clair ("St. Clair") was operating a 2006 Chevrolet, which was traveling on SW 178th Terrace at or near its intersection with SW 43rd Place, in Marion County, Florida on June 25, 2006. Plaintiff alleges that Defendant St. Clair was negligently operating the vehicle and thereby collided with a vehicle operated by Plaintiff.  Plaintiff alleges that as a result of Defendant St. Clair's own negligence, Plaintiff suffered bodily injury and resulting pain and suffering. Defendants PV Holding and Avis are alleged to be owners and lessors of the vehicle operated by St. Clair.

Defendants removed the case to this Court on July 5, 2007 pursuant to 28 U.S.C. §§1331, 1441 and 1446. (Doc. 1.) In its Notice of Removal, Defendants claim that this action falls within this Court's federal question jurisdiction under 28 U.S.C. § 1331 and § 1441 because Plaintiff's Complaint establishes that his right to relief requires resolution of a substantial question of federal law. Defendants allege that the specific federal question at issue involves the application of the Graves Amendment[2] and its preemption of Florida's dangerous instrumentality doctrine.

Plaintiff filed a motion to remand on July 25, 2007, claiming that the case should be remanded to state court because there is no federal question at issue. Plaintiff argues that because the issue of whether the Graves Amendment preempts state law was previously decided by this Court,[3] a federal question is not implicated and therefore the case should be remanded.

---

[2] 49 U.S.C. § 30106 (2007).

[3] Garcia v. Vanguard Car Rental USA, Inc., No. 5:06-cv-220-Oc-10GRJ, 2007 WL 686625, (M.D. Fla. Mar. 5, 2007).

## II. DISCUSSION

Removal jurisdiction based on a federal question is generally governed by the well-pleaded complaint rule. Under the well-pleaded complaint rule a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.[4] "A case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."[5]

There are, however, several exceptions to the well-pleaded complaint rule. One exception to the well-pleaded complaint rule is when the laws of the United States completely preempt a state law claim.[6] This exception is recognized in the rare instance where Congress "so completely preempts a particular area that any civil complaint... is necessarily federal in character."[7] A second exception is the substantial-federal-question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."[8]

In the instant case, Defendants rely upon the substantial-federal-question doctrine in arguing that a substantial question of federal law is presented in this case to

---

[4] BLAB T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc. 182 F.3d 851, 854 (11th Cir.1999).

[5] Franchise Tax Board of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 14 (1983).

[6] Id at 24.

[7] Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).

[8] Franchise Tax Board, 463 U.S. at 9.

determine the application of the Graves Amendment and its pre-emption of Florida's dangerous instrumentality doctrine.

Accordingly, the question to be resolved by this Court is whether federal subject matter jurisdiction is present under the substantial-federal-question doctrine because application of the Graves Amendment is implicated in this case.

### *The Graves Amendment*

Before addressing the relevant analysis under the substantial-federal-question doctrine, the Court will first discuss the Graves Amendment so that it can be placed in an appropriate context in this case.

The Graves Amendment is part of the "Safe, Accountable, Flexible Efficient Transportation Equity Act: A Legacy For Users ("SAFETEA-LU"), signed into law on August 10, 2005.[9] The Graves Amendment is a section of SAFETEA-LU dealing with rented or leased motor vehicle safety and responsibility.[10] The Graves Amendment "preempts all state statutory and common law to the extent those laws hold owners in the business of renting or leasing motor vehicles vicariously liable for the negligence of drivers, except when there is negligence or criminal wrongdoing on the part of the owner."[11]

This Court in the *Garcia*[12] case held that the Graves Amendment preempts Florida law imposing vicarious liability on motor vehicle lessors and that the Graves

---

[9] Pub. L. No. 109-59, 119 Stat. 1144 (2005).

[10] 49 U.S.C. § 30106.

[11] Garcia v. Vanguard Car Rental USA, Inc., _ F. Supp.2d _, 2007 WL 686625 (M.D. Fla. 2007).

[12] *Id.*

Amendment is a permissible exercise of Congress' Commerce Clause powers. Almost all federal courts that have addressed the issue of whether the Graves Amendment preempts state laws imposing vicarious liability on lessors of motor vehicles have shared the views of this Court in *Garcia*.[13] One federal district court, however, has concluded that the Graves Amendment is unconstitutional because Congress exceeded the authority granted to it by the Commerce Clause when it enacted 49 U.S.C. § 30106.[14]

State courts, as well, have applied the Graves Amendment, with most holding that the Graves Amendment preempts state laws imposing vicarious liability,[15] although one state court concluded that it does not because the Graves Amendment is unconstitutional.[16] There are no Florida cases at the appellate level addressing whether the Graves Amendment preempts state law but several Florida trial courts have concluded that the applicable Florida statute relating to rental car companies fell within the "financial responsibility" exception of section 30106[17] - a view expressly rejected by this Court in *Garcia*.

---

[13] *See, e.g.*, Dupuis v. Vanguard Car Rental USA, Inc., __ F. Supp.2d __, 2007 WL 2788609 (M.D. Fla. 2007); Johnson v. Agnant, 480 F. Supp.2d 1, 4 (D.D.C. 2006)(holding that § 30106 expressly repeals all state and political subdivision laws that impose vicarious liability); Merchants Insurance Group v. Mitsubishi Motor Credit Association, 2007 WL 2815744 (E.D. N.Y. 2007); Milsap v. U-Haul Truck Rental Co., 2006 WL 3797731 at *14, *17 (D. Ariz. 2006).

[14] Vanguard Car Rental USA, Inc. V. Drouin, __ F. Supp.2d __, 2007 WL 2915903 (S.D. Fla. 2007); Vanguard Car Rental USA, Inc v. Huchon, 2007 WL 2875388 (S.D. Fla. 2007).

[15] *See, e.g.* Jones v. Bill, 825 N.Y.S.2d 508, 510 (N.Y. App. Div. 2006); Murphy v. Pontillo, 820 N.Y.S.2d 743, 744 (N.Y. Sup. Ct. 2006); Davis v. Ilama, 2006 WL 1148702 (Conn. Super. Ct. 2006); Moncrease v. Chase Manhattan Auto Fin. Corp., 911 A.2d 315, 317 n. 1 (Conn. App. Ct. 2006).

[16] Graham v. Dunkley, 827 N.Y.S.2d 513 (N.Y. Sup.Ct. 2006).

[17] *See, e.g.* Poole v. Enterprise Leasing Co., 2006 WL 1388442 (Fla. Cir. Ct. March 9, 2006).

In sum, while the view of most courts - including this Court - is that the Graves Amendment preempts state law imposing vicarious liability on lessors of motor vehicles the issue is not completely free from debate. However, simply because an issue interpreting a federal law is subject to differing views is not sufficient to establish federal subject matter jurisdiction for removal purposes under the substantial-federal-question doctrine.

### *The Substantial Federal Question Doctrine*

Federal question removal jurisdiction may exist when a state law complaint reveals "substantial questions of federal law."[18] However, "[I]n order for a state-law claim to raise substantial questions of federal law, '[federal] law must be an essential element of [plaintiff's] claim [and] the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another."[19] Further, simply because a federal issue is present in a state cause of action does not automatically confer federal subject matter jurisdiction.[20] The doctrine is extremely narrow and limited in scope and removal based upon the substantial federal issue doctrine only applies to a "slim category" of cases.[21]

---

[18] Dunlap v. G & L. Holding Group, Inc., 381 F.3d 1285 (11th Cir. 2004).

[19] *Id.* at 1285 (*citations omitted*)

[20] Merrell Dow Pharms, Inc. V. Thompson, 478 U.S. 804, 813 (1986).

[21] Empire Healthchoice Assurance, Inc. V. McVeigh, __ U.S. __, 126 S.Ct. 2121, 2137, 165 L.Ed. 2d 131 (2006).

As the Supreme Court explained in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*[22] inquiry into whether the Court has subject matter jurisdiction under the narrow substantial-federal-question doctrine involves three parts: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities.

It is very questionable that Plaintiff's claim raises a disputed federal issue. While the views taken by Florida state trial courts may be somewhat unresolved as to whether Fla. Stat. § 324.021(9)(b)(2) is preempted by the Graves Amendment, at least as far as this Court is concerned, that issue has been squarely addressed. Moreover, in his Motion to Remand Plaintiff concedes this point and acknowledges that the issue has been decided, thus tacitly suggesting that on remand the claims will be barred.

However, even assuming that Plaintiff's claim "necessarily raises a disputed federal issue" there is simply no showing that the federal interest in the issue is substantial. Notably, Defendants do not even address in their response any federal interest, let alone a substantial federal interest.

With regard to the substantiality of the federal interest one of the primary aspects that affects the substantiality of a federal interest is whether the case includes a federal agency, and particularly, whether that agency's compliance with the federal statute is in

---

[22] 545 U.S. 308, 314 (2005).

dispute.[23] Here, there is no suggestion that any federal agency is involved in this dispute and thus "there is simply no implication that a federal agency's activity, or lack thereof, will cause a likelihood of inconsistency in state and federal law or thwart uniformity of federal law."[24]

Although Defendants have not directly advanced the point, the federal interest underlying Defendant's argument is that a federal court should decide the issue to avoid the presence of differing state court interpretations of the preemptive effect of the Graves Amendment on state law claims against leasing companies. This view ignores the premise that state courts are competent to interpret and apply federal laws. Moreover, even assuming resolution of this issue by state courts would result in differing interpretations by state versus federal courts, such a consequence is not the type of consequence that federal courts should consider in addressing the boundaries of subject matter jurisdiction. Simply put, the legal analysis under the substantial federal question doctrine does not take into account consideration of the effect of state versus federal adjudication on the outcome of a case or even the effect on the outcome of an issue. It is the role of Congress, and not the role of the federal courts, "[t]o decide when the risk of state-court error with respect to a matter of federal law becomes so unbearable as to justify divesting the state courts of authority to decide the federal matter."[25] As such, there is simply not a substantial federal interest presented in this

---

[23] Empire, 126 S.Ct. at 2137.

[24] McCarty v. Precision Airmotive Corporation, 2006 WL 2644921 *2 (M.D. Fla. 2006).

[25] Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 21 (2003)(Scalia, J., dissenting).

case by the mere presence of the Graves Amendment, as a defense to the claims against these Defendants.

Lastly, exercising jurisdiction over this type of case - a simple and straight forward state tort claim arising from an automobile collision - would surely impact the congressionally approved balance of federal and state judicial responsibilities. There is no federal cause of action created by the Graves Amendment and indeed the Graves Amendment was merely an amendment to a highway funding measure that had nothing to do with rented or leased motor vehicles and as such is not part of legislation that was intended to supplant state law with a federal cause of action. The exercise of jurisdiction by this Court over this case under the substantial federal question doctrine would transform literally every automobile accident case in the State of Florida involving a rented vehicle into a federal case, which would open federal courts, like this one, to an undesirable quantity of litigation.

Accordingly, taking into account these factors - and recognizing that state courts are fully competent to decide whether the Graves Amendment bars Plaintiff's claims against Avis and PV Holding -  the Court readily concludes that there is not a substantial federal interest in this case sufficient to squeeze this case into the slim category of cases that fall under the substantial-federal-question doctrine.

Because the sole argument advanced by Defendants in support of removal of this action is that the substantial federal question doctrine applies - and Defendants have not offered any other grounds in their response to Plaintiff's Motion to Remand supporting federal subject matter jurisdiction over the claims in this case - Defendants

were not authorized to remove this action and, therefore, this action must be remanded to state court for further proceedings.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Remand (Doc. 7) should be **GRANTED** and this action should be **REMANDED** to the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.[26]

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on October 24, 2007.

GARY R. JONES
United States Magistrate Judge

Copies to:

    Honorable Wm. Terrell Hodges
    Senior United States District Judge

    All Counsel

---

[26] Because the Court has recommended that Plaintiff's Motion for Remand be **GRANTED,** Plaintiff's Amended Motion For Extension of Time to Serve Process (Doc. 13) is due to be **DENIED** as moot.